# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**CITY OF GALLUP NEW MEXICO, ON BEHALF OF ITSELF AND ALL OTHER SIMILARLY SITUATED NEW MEXICO MUNICIPALITIES,**

 **Plaintiff,**

vs.　　　　　　　　　　　　　　　　　　　　　　No. Civ. 06-0549 JC/RLP

**HOTELS.COM, L.P.; HOTELS.COM GP, LLC; HOTWIRE, INC.; CHEAP TICKETS, INC.; CENDANT TRAVEL DISTRIBUTION SERVICES GROUP, INC.; CENDANT CORPORATION; EXPEDIA, INC.; INTERNETWORK PUBLISHING CORP. (d/b/a LODGING.COM); LOWEST FAIR.COM, INC.; MAUPIN TOUR HOLDING, LLC, ORBITZ, INC.; ORBITZ, LLC; PRICELINE.COM, INC., SITE 59.COM, LLC; TRAVELOCITY.COM, INC.; TRAVELOCITY.COM, LP; TRAVELWEB, LLC; and TRAVELNOW.COM, INC.,**

 **Defendants.**

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

  This matter comes before the court on Defendants' Motion for Protective Order [Docket No. 41]. Defendants are competitors in the highly competitive travel reservation industry [Docket No. 41, Ex. A]. Defendants assert that discovery disclosures contemplated in this action may include their individual competitive strategies, trade secrets, special formulas, company security matters, customer lists or information, financial data, cost data, pricing data, sales data, production data, matters relating to corporate transactions and other information Defendants are obligated to preserve as confidential ["Trade Secret Information" herein]. Plaintiff does not dispute this.

  Defendants have proposed a comprehensive yet elastic Protective Order, whereby they would

designate such information as "Restricted Information," while providing the information to Plaintiff. "Restricted Information" would be subject to specified disclosure limitations and confidentiality requirements. The Protective Order also provides a comprehensive mechanism by which any party could challenge the "Restricted" designation.

Plaintiff objects to the entry of a Protective Order. It proposes instead that Defendants produce a privilege log listing all allegedly confidential material, that the parties determine whether they can agree as to whether the materials are confidential, and that if no agreement can be reached, the parties would seek resolution by the court. Presumably this would all occur before any actual document disclosure was effectuated.

Federal Rule of Civil Procedure 26 (c) provides:

> Upon motion by a party or by a person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including
>
> * * *
>
> (7) that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a designated way. . .

The court finds that the volume of potentially protected materials in this case is large, and that the Protective Order proposed by Defendants [Docket No. 41, Exhibit B] provides the most expeditious and least costly method for effectuating discovery of Trade Secret Information, and does not impose any undue burden on Plaintiff or non-parties.

**IT IS HEREBY ORDERED** that the Protective Order and Confidentiality Agreement appended as Ex. B to Docket No. 41 will be entered. Defendants are further ordered to submit the

Protective Order to the Court for signature by sending it to rlpproposedtext.nmcourt.fed.us within five (5) days of the date of this Order. The signature block on this Order should read: Richard L. Puglisi, United States Magistrate Judge.

                                              RICHARD L. PUGLISI
                                     UNITED STATES MAGISTRATE JUDGE